IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

11:51 am, 2/11/20

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| RICHARD NELSON,<br><br>        Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE<br>INSURANCE COMPANY,<br><br>        Defendant. | Case No.  19-CV-0169-F |

### ORDER DISMISSING ACTION WITH PREJUDICE

     Pursuant to Rule 41(a)(2), Plaintiff moves to voluntarily dismiss this action under such terms as the Court deems appropriate.  Doc. 15.  In his proposed order, Plaintiff suggests the dismissal be "with/without prejudice."  Doc. 15-1.  In response, Defendant argues Plaintiff's claims were baseless when filed.  It requests the Court not only dismiss the action with prejudice but also require Plaintiff to pay all fees and costs incurred by Defendant in this case, or deny the motion and permit Defendant an opportunity to obtain a judgment on the merits.  Doc. 17.  The Court shortened Plaintiff's reply time, and the deadline has passed without Plaintiff filing a reply.

     Pursuant to Rule 41(a)(2), based on Plaintiff's assertion in his motion that he was unable to find a copy of an owner's policy from Defendant to support his claims, the Court finds dismissal with prejudice is proper.  The Court therefore declines Defendant's request for a further opportunity to obtain a judgment on the merits.  Dismissal with prejudice is a

ruling on the merits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001).

As for Defendant's request for attorney fees and costs, it cites no authorities in support. "This Court's 'basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.,* 140 S. Ct. 365, 370 (2019) (internal quotation marks omitted). Defendant appears to be arguing for Rule 11 sanctions, but it has not attempted to show compliance with its safe harbor provision. Nor does Defendant request time to do so before the action is dismissed.

Although the Court also has inherent powers to sanction bad faith conduct in litigation, (*Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)), such powers "must be exercised with restraint and discretion" and require notice and opportunity to be heard. *Id.* at 44. Given that Defendant does not cite any legal authorities to support its sanctions request, the Court declines to exercise its inherent powers to sanction.

Therefore, the Court GRANTS Plaintiff's motion. This action is DISMISSED WITH PREJUDICE, each party to bear their own attorney fees and costs. The Clerk of Court shall close the case.

Dated this 11th day of February, 2020.

*Nancy D. Freudenthal*

---
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE